UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
Katherine A. Eckert,

                Plaintiff,        07-CV-0466

       v.                    **DECISION**
                                        **and ORDER**
MICHAEL J. ASTRUE, Commissioner
of Social Security

                Defendant.
_____

## Introduction

Plaintiff Katherine A. Eckert ("Plaintiff") brings this action pursuant to the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of the final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Disability Insurance Benefits.[1] Specifically, Plaintiff alleges that the decision of Administrative Law Judge ("ALJ") William T. Vest, Jr., as affirmed by the Social Security Appeals Council ("Council"), denying her application for benefits was against the weight of substantial evidence contained in the record and was contrary to applicable legal standards.

The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) ("Rule 12(c)"), on grounds that the ALJ's decision was supported by substantial evidence contained in the

---

[1]This case was transferred to the undersigned by the Honorable John T. Curtin, Judge, United States District Court for the Western District of New York by Order dated October 29, 2009.

Page -1-

record and was based on the correct application of appropriate legal standards. For the reasons set forth below, I find that the decision of the Commissioner is supported by substantial evidence, and is in accordance with applicable law. I therefore grant the Commissioner's motion for judgment on the pleadings.

## **Background**

On September 27, 2004, Plaintiff, who was then 42 years old, filed an application for Disability Insurance Benefits under Title II, §§ 216(i) and 223 of the Social Security Act ("the Act"). Plaintiff claimed a disability since August 31, 1999, due to diabetes and Addison's disease. (Transcript of the Administrative Proceedings at pages 59, 62) (hereinafter "Tr."). Plaintiff's application was denied by the Social Security Administration ("the Administration") initially on December 7, 2004. (Tr. at 32). Plaintiff filed a timely request for hearing on January 3, 2005. (Tr. at 36).

Thereafter, Plaintiff appeared via video conference, with counsel, at an administrative hearing before ALJ William T. Vest, Jr. on July 25, 2006. (Tr. at 319). In a decision dated August 17, 2006, the ALJ determined that Plaintiff was not entitled to disability benefits. (Tr. at 16). Plaintiff filed a timely request for a review of the hearing decision on August 22, 2006. (Tr. at 12). The ALJ's decision became the final decision of the Commissioner when the Social Security Appeals Council denied

Plaintiff's request for review on May 24, 2007. (Tr. at 4). On July 20, 2007, Plaintiff filed this action.

## Discussion

### I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the Commissioner's findings of fact if those findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and moves for

judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**II. The Commissioner's decision to deny Plaintiff benefits was supported by substantial evidence in the record**

**A. The ALJ properly applied the five-step analysis to conclude that Plaintiff was not disabled under the Act.**

The Act defines disability as "physical or mental impairment or impairments [. . .] of such severity that [claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 223(d)(2) and 1614(a)(3). In this case, the ALJ found Plaintiff was not under a disability within the meaning of the Act during the period of August 31, 1999 through December 31, 2004. (Tr. at 16).

In reaching his conclusion, the ALJ adhered to the Administration's five-step sequential analysis for evaluating applications for disability benefits. See 20 C.F.R. §§ 404.1520,

416.920.[2] Under Step 1 of the process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. (Tr. at page 18).

At Step 2, the ALJ found that Plaintiff suffered from the severe impairments of Addison's disease and diabetes and the non-severe impairments of status post pituitary tumor (noted in transcript as "s/p tumor"), carpal tunnel syndrome, hypothyroidism, and hypercholesterolemia. (Tr. at 19).

At Step 3 of the 5-step analysis, the ALJ concluded that Plaintiff's severe impairments did not meet or medically equal in severity the criteria for any impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. (Hereinafter "the Listings"). (Tr. at 19, 20).

Further, at Step 4, the ALJ found Plaintiff unable to perform her past relevant work as a fast food restaurant clerk, a waitress and as a sewing machine operator. (Tr. at 21). The ALJ also found Plaintiff's residual functional capacity ("RFC") to include the ability to occasionally lift and/or carry 10 pounds, sit for 8 hours in an 8 hour work day, stand/walk for 2 hours with the option to alternate between sitting and standing, and push/pull 10 lbs.

---

[2]Pursuant to the five-step analysis set forth in the regulations, the ALJ, when necessary will: (1) consider whether the claimant is currently engaged in substantial gainful activity; (2) consider whether the claimant has any severe impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities; (3) determine, based solely on medical evidence, whether the claimant has any impairment or impairments listed in Appendix 1 of the Social Security Regulations; (4) determine whether or not the claimant maintains the residual functional capacity to perform his past work; and (5) determine whether the claimant can perform other work. See id.

occasionally. (Tr. at 20). Plaintiff's RFC restricts her from climbing or working around unprotected heights, and dangerous machinery. (Tr. at 20).

Finally, at Step 5, the ALJ found that considering Plaintiff's age, education, work experience and RFC, jobs exist in the local and national economy which Plaintiff could perform. (Tr. at 22, 23). Specifically, the ALJ found that Plaintiff could perform the job duties of addresser, and telephone clerk. (Tr. at 22). The ALJ found Plaintiff capable of making a successful adjustment to other work that exists in significant numbers in the local and national economies. (Id.) In reaching this finding, the ALJ relied on the testimony of the vocational expert. (Tr. at 22).

The ALJ properly applied the five-step analysis. Therefore, I find that the ALJ properly concluded that Plaintiff was not disabled within the meaning of the Act.

**B. Plaintiff requests consideration of evidence not contained in the record.**

In a letter dated May 28, 2008, Plaintiff's current attorney, Dennis C. Gaughan, presents an argument requesting remand ". . . because the plaintiff's medical documentation was very poor quality and her previous lawyer allowed this lack of substantiation and conflicting medical statements by the same physician to destroy the credibility that this case deserves. I cannot disagree with the U.S. Attorney that the medical evidence presented at the Social Security appeal hearing was not conclusive nor substantial of

existing total disablitiy." (Plaintiff's letter of argument.) The scope of this Court's review is limited to determining whether or not the Commissioner's findings were supported by substantial evidence. See Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating the Plaintiff's claim. But the Court's responsibility is limited to the record presented for review. After reviewing the record, and affording the Plaintiff's attorney's letter the broadest interpretation possible within the jurisdictional limitations imposed upon this Court pursuant to 42 U.S.C. § 405(g), I conclude that the Commissioner's decision denying her application for benefits is supported by substantial evidence in the record and was in accordance with applicable legal standards.

This Court is limited to reviewing the factual findings of the Commissioner only to determine whether the administrative record contains substantial evidence to support the ALJ's findings. I find that there is substantial evidence in the record to support the Commissioner's findings and affirm the ALJ's findings. U.S.C. § 405(g). The Plaintiff's attorney's letter essentially requests this Court to take action well beyond the scope of review permissible under the law. The Court is limited in ordering a remand "upon the showing that there is new evidence which is

material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Id. Lisa v. Secretary of HHS, 940 F.2d 40, 44 (2d Cir. 19991). Material evidence requires a showing of the severity and existence of Plaintiff's impairments during the insured period. Id. And finally, the Second Circuit describes new evidence as evidence which is not cumulative. Id. As counsel states in his letter, "I am quite confident that an in-court presentation of - not new evidence - but explanation and confirmation of the diagnosis in previous medical records, will move this Court to remand this case. . . . new medical documentation will substantiate the previous [application for remand]." (Plaintiff's letter.) I find these contentions fail to meet the showing required by 42 U.S.C. § 405(g) for remand to the Commissioner. There is no new evidence presented here. Perhaps a new argument, but no new evidence.

## **Conclusion**

For the reasons set forth above, I conclude that the ALJ's decision is supported by substantial evidence in the record and, therefore, the Commissioner's motion for judgment on the pleadings is granted. Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

                                       s/Michael A. Telesca
                                         MICHAEL A. TELESCA
                                   United States District Judge

Dated: Rochester, New York
       November 5, 2009